IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAN DELEON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-cv-143 |
| | § | JURY |
| NUNECES COUNTY, TEXAS; and | § | |
| BOBBY JOE BENAVIDES, *Individually* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY'S MOTION TO DISMISS**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES** Plaintiff, Adan DeLeon, filing this, his *Plaintiff's Response to Defendant County's Motion to Dismiss,* and showing unto the Court in response to *Defendant Nueces County, Texas' Rule 12(b)(6) Motion to Dismiss in Response to Plaintiff's Original Complaint* (D.E. 7) as follows:

**I.
CLAIMS/ISSUES PRESENTED**

On July 13, 2021, Adan DeLeon (hereinafter "Plaintiff" and/or "DeLeon"), filed his *Plaintiff's Original Complaint*, wherein Plaintiff alleged, *inter alia*, that Defendants Nueces County, Texas (hereinafter "County" and/or as one the "Defendants" when referring to all defendants) and Bobby Joe Benavides (hereinafter "Benavides" and/or as one the "Defendants" when referring to all defendants) used and/or allowed to be used) excessive and/or unnecessary force during Defendants' detention/custody of DeLeon in the Nueces County Jail and/or the Nueces County Sheriff's Department.

On October 1, 2021, Defendant County filed its *Nueces County, Texas' Rule 12(b)(6) Motion to Dismiss in Response to Plaintiff's Original Complaint* (D.E. 7) (hereinafter occasionally referred to as "*Defendant's Motion to Dismiss*" and/or "*Motion to Dismiss*"). Therein, Defendant

County argues in summary fashion that Plaintiff has failed to plead any *Monell* claims against Defendant County.

In response to such assertion and such assertion alone, Plaintiff responds. Before doing so, Plaintiff would point out that Defendant County's *Motion to Dismiss* is NOT a summary judgment motion and that the "facts" (and/or conclusions concerning such "vague allegations" supporting *any* excessive force claim and/or "failure to intervene" claims at all) by Defendant look only to the "reasonableness" assertion paragraph and completely ignore the allegations of Plaintiff being beaten (and being viewed by others while being beaten) and hospitalized (for over three weeks) and treated for an eye socket fracture, a nose fracture, two fractured ribs, and several cracked disks on his neck. *Plaintiff's Original Complaint*, p.2, ¶6. On such basis alone, it would seem that this Court should deny *Defendant's Motion to Dismiss* for at least *some* discovery to be conducted before addressing same.

## II.
## RESPONSE, ARGUMENT AND AUTHORITIES

A. ***MONELL* CLAIMS**

In *Defendant's Motion to Dismiss*, Defendant County moves ostensibly, pursuant to FED. R. CIV. P. 12(b)(6), for the District Court to dismiss Plaintiff's §1983 *Monell* liability claims. Plaintiff would point out that a Motion to Dismiss under 12(b)(6) is typically not appropriate unless Plaintiff's pleadings on their face show that he cannot prove any set of facts that would entitle him to relief. *Garrett v. Commonwealth Mortgage Co.*, 938 F.2d 591, 594 (5th Cir. 1991). In this cause, Plaintiff is alleging, *inter alia*, that Defendant County violated the Civil Rights Act of 1871, now codified as 42 U.S.C. §1983. In particular, Plaintiff has alleged numerous avenues of recovery against Defendant County, which if proven, would entitle him to the relief requested. Because a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint

and merely challenges a plaintiff's right to any relief based upon the stated facts, Defendant County's *Motion to Dismiss* must fail. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). The issue in a Motion to Dismiss is not whether a plaintiff will prevail, but whether the plaintiff should have the ability to offer evidence in support. *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir. 1996). Plaintiff should be afforded that opportunity. Because a motion to dismiss under 12(b)(6) is not appropriate unless Plaintiff's pleadings on their face show that he cannot prove any set of facts that would entitle him to relief and Plaintiff has, in deed, presented pleadings sufficient to show just that, and as such, Defendant County's *Motion to Dismiss* should be denied. *Garrett v. Commonwealth Mortgage Co.*, 938 F.2d 591, 594 (5th Cir. 1991).

1. ***Leatherman is Binding***

Although Defendant County has cited to numerous cases regarding a plaintiff's *Monell* liability pleading requirements, the simple fact is that such blatantly ignores the United States Supreme Court's opinion concerning same. In that regard, the United States Supreme Court unequivocally abrogated any "heightened pleading requirement"[1] (asserted by Defendant County) for actions against municipalities in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 166-67, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). *Anderson v. Pasadena Independent School Dist.,* 184 F.3d 439, 443 (5th Cir. 1999) (recognizing that *Leatherman* invalidated the use of heightened pleading in a § 1983 case premised on municipal liability). In *Leatherman*, the United States Supreme Court specifically found (in resolving a conflict among the Courts of Appeals concerning pleadings requirements in §1983 causes of action

---

[1] In 1985, the Fifth Circuit first created a heightened pleading requirement in §1983 actions asserting claims against public officials who might be entitled to an immunity defense. *Elliot v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985). In no uncertain terms, this ruling required a plaintiff to anticipate a defendant's assertion of an immunity defense in the initial complaint, and "alleg[e] with particularity all material facts on which [the plaintiff] contends . . . will establish his right to recover which will include detailed facts supporting the contention that the plea of immunity cannot be sustained." *Id*.

3

and in reversing the Fifth Circuit Court regarding same[2]) as follows, in pertinent part[3]:

> Respondents seek to defend the Fifth Circuit's application of a more rigorous pleading standard on two grounds. First, respondents claim that municipalities' freedom from *respondeat superior* liability, see *Monell, supra,* necessarily includes immunity from suit. In this sense, respondents assert, municipalities are no different from state or local officials sued in their individual capacity. Respondents reason that a more relaxed pleading requirement would subject municipalities to expensive and time-consuming discovery in every §1983 case, eviscerating their immunity from suit and disrupting municipal functions.
>
> This argument wrongly equates freedom from liability with immunity from suit. To be sure, we reaffirmed in *Monell* that "a municipality cannot be held liable under §1983 on a *respondeat superior* theory." But, contrary to respondents' assertions, this protection against liability does not encompass immunity from suit. Indeed, this argument is flatly contradicted by *Monell* and our later decisions involving municipal liability under § 1983. In *Monell,* we overruled *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), insofar as it held that local governments were wholly immune from suit under §1983, though we did reserve decision on whether municipalities are entitled to some form of limited immunity. Yet, when we took that issue up again in *Owen v. City of Independence,* 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980), we rejected a claim that municipalities should be afforded qualified immunity, much like that afforded individual officials, based on the good faith of their agents. These decisions make it quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit-either absolute or qualified-under § 1983. In short, a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury. **We thus have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials**.
>
> Second, respondents contend that the Fifth Circuit's heightened pleading standard is not really that at all. According to respondents, the degree of factual specificity required of a complaint by the Federal Rules of Civil Procedure varies according to the complexity of the underlying substantive law. To establish municipal liability under §1983, respondents argue, a plaintiff must do more than plead a single instance of misconduct. This requirement, respondents insist, is consistent with a plaintiff's Rule 11 obligation to make a reasonable prefiling inquiry into the facts.

---

[2] Without squandering effort on the obvious, prior to 1992, many federal courts followed suit and the Fifth Circuit continued to impose "special" or "heightened" pleading burdens for §1983 complaints. See *Lewis v. Woods*, 848 F.2d 649 (5th Cir. 1988); *Palmer v. San Antonio*, 810 F.2d 514 (5th Cir. 1987); *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Morrison v. Baton Rouge*, 761 F.2d 242 (5th Cir. 1985).

[3] Plaintiff understands that the foregoing cite is rather voluminous in nature, but is extremely important in this Court's determination in this case and is much better phrased than paraphrased.

**But examination of the Fifth Circuit's decision in this case makes it quite evident that the "heightened pleading standard" is just what it purports to be: a more demanding rule for pleading a complaint under §1983 than for pleading other kinds of claims for relief**. This rule was adopted by the Fifth Circuit in *Elliott v. Perez,* 751 F.2d 1472 (1985), and described in this language:

> "In cases against governmental officials involving the likely defense of immunity we require of trial judges that they demand that the plaintiff's complaints state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Id.,* at 1473.

. . .

We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we said in effect that the Rule meant what it said:

> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.,* at 47, 78 S.Ct., at 103 (footnote omitted).

Rule 9(b) does impose a particularity requirement in two specific instances. It provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, **the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983**. *Expressio unius est exclusio alterius.*

The phenomenon of litigation against municipal corporations based on claimed constitutional violations by their employees dates from our decision in *Monell, supra,* where we for the first time construed §1983 to allow such municipal liability. **Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under §1983 might be subjected to the added specificity requirement of Rule 9(b).** But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. **In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims** sooner rather than later.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164-169, 113 S.Ct. 1160, 1161 - 1163 (1993) (citations omitted) (**emphasis added**). In short, Defendant County abdicates (perhaps understandably based on the Fifth Circuit's faulty/shaky interpretation) for what *Leatherman* expressly does not require – a greater particularity of Plaintiff's pleadings. To date, Plaintiff cannot find that *Leatherman* has been overruled by *Iqbal*, *Twombly* or otherwise.

Without engaging such approach (but certainly questioning the validity and/or continued validity of it), Plaintiff would assert that such validity has been certainly called into question given the United States Supreme Court's further decisions. Following *Leatherman*, the Supreme Court had ample opportunities to address the viability of the *Leatherman* opinion and has repeated what it had said in rejecting any heightened pleading requirements – that a simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). In clearer particularity, the Supreme Court reiterated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions" such as averments of fraud or mistake. *Swierkiewicz* at 513. Accordingly, and without any further decisions on such issue by the Supreme Court, it would seem that the answer is quite clear and that any attempt by the Fifth Circuit to "heighten" the pleading requirements is improper. But then came *Iqbal* and *Twombly*.

In 2007 the United States Supreme Court issued *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 (2007), wherein the Supreme Court – in determining the sufficiency of pleading in an anti-trust competition case – stated that under Rule 8(a)(2) notice pleading, only some factual allegations of the nature of the claim and the grounds on which the claim rests were necessary, and while "heightened fact pleading of specifics" were not required, there must be "enough facts to state a claim to relief that is plausible on its face." *Twombly* at 570. In follow-up to *Twombly* in

2009, the Supreme Court issued *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) wherein the Supreme Court – in addressing immunity claims in the context of a *Bivens* action against the F.B.I. Director and a former Attorney General – again references the concept that a complaint must be "nudged . . . across the line from conceivable to plausible." *Iqbal* at 680. Plaintiff does not take issue with such rulings and the idea that an implausible pleading might be summarily dismissed. Instead, it is the use of such decision to support the Fifth Circuit's reinstituted vigor and continued efforts to demand "heightened pleadings" (over and above "plausible" ones) that Plaintiff takes issue with.

In further support of his assertion that *Leatherman* has not been supplanted and/or overruled, Plaintiff believes that *Ashcroft v. Iqbal* provides some interesting guidance. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). It is important to remember that the decision in *Iqbal* was rendered in the shadow of 9/11 and its aftermath. Additionally, it should be pointed out that *Iqbal* brought a *Bivens* action against federal officials, specifically the F.B.I., its Director and former Attorney General Ashcroft, when he was arrested on criminal charges and detained under "restrictive conditions." *Id* at 1939. With such in mind, *Iqbal* has stated as follows:

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id* at 1949-50 (citations, internal punctuation omitted). The Court in *Iqbal* also recognized as follows:

> [D]etermining whether a complaint states a plausible claim is context-specific, requiring the court to draw on its experience and **common sense** . . . When there are well-plead factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id* at 1940-41 (citations, internal punctuation omitted) (**emphasis added**).

7

In short and based on the guidance provided by the United States Supreme Court, Defendant County's *Motion to Dismiss* based on Plaintiff's *Monell* liability pleadings should be denied.

2.  **<u>*Iqbal and Twombly Satisfied*</u>**

Even assuming that *Iqbal* or *Twombly* were meant to increase a plaintiff's pleading burden beyond the *Leatherman* notice requirement, it is readily apparent that while such might apply to individual claims, it does not apply to *Monell* issues and that even if that were not the case, that the *Monell* issues at hand (training, past misconduct, supervision, ratification or otherwise) – based on the facts of this case where Benavides (known and nicknamed as "the punisher") relentlessly beat Plaintiff – are certainly "plausible" on their face. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965-66 (2007).

In the instant case, when this Court draws on its experience and common sense, it is clear that Plaintiff had plead numerous avenues of recovery against Defendant County under §1983 that allow this Court to draw reasonable inferences that Defendant County *could be* liable. While the interpretation in the aftermath of *Iqbal* and *Twombly* has been – to say the least – varied, numerous Courts have allowed "generic or boilerplate" assertions for grounds of municipal liability. See, *e.g.*, *Charles v. Galliano,* 2010 WL 3430519, at *6 (E.D.La. 2010); *Dwyer v. City of Corinth*, 2009 WL 3856989, at *9 (E.D.Tex. 2009); *Abdulkhalik v. City of San Diego*, 2009 WL 4282004, at *10 (S.D.Cal. 2009); *Gearin v. Rabbett*, 2011 WL 317728, at *9 (D.Minn. 2011). In *Dwyer*, the Court, in determining that the plaintiff had alleged sufficient facts concerning municipal liability, the Court specifically found as follows:

> The Supreme Court has expressly prohibited the application of a heightened pleading standard to section 1983 claims against municipalities. *Jones v. Bock*, 549 U.S. 199, 212-13, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168,

8

> 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). Instead, a plaintiff need only comply with notice pleading requirements by presenting a "short and plain statement of the claims showing that the pleader is entitled to relief." *Id*. "Boilerplate" allegations of inadequate municipal policies or customs are generally sufficient. See *Whittington v. City of Cuero*, No. 6:06-CV-00011, 2007 WL 951864, *4 (S.D.Tex. March, 28, 2007); See also *Jacobs v. Port Neches Police Dept.,* No. 1:94-CV-767, 1996 WL 363023, *13-15 (E.D.Tex. June, 26, 1996); *DeFrancis v. Bush*, 839 F.Supp. 13, 14 (E.D.Tex.1993).
>
> Plaintiff has alleged that the policy or custom of Defendants, which includes poor training and discipline of law enforcement officers, played a part in the deprivation of his rights. While the allegations alleged by Plaintiff, standing alone, do not contain the sort of specificity normally required, the allegations are nonetheless sufficient to withstand a motion to dismiss at the pleadings stage. See *Jacobs*, No. 1:94-CV-767, 1996 WL 363023 at *15 (allegations sufficient at pleadings stage that state "defendant ... failed to adequately train and supervise its officers"); See also *Defrancis*, 839 F.Supp. at 14 (complaint alleged that "policy, custom, or tradition" played part in deprivation of rights, and the policy or custom included poor training of police personnel). Plaintiff need not set forth all the details of his case against a municipality under section 1983 at the pleadings stage. *Leatherman*, 507 U.S. at 168. Based on the Court's "judicial experience and common sense," Plaintiff's alleged facts give rise to a plausible entitlement to relief under the FHA. *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555.). Taken as true, Plaintiff's allegations could plausibly entitle Plaintiff to relief under section 1983. Therefore, the Court recommends that Defendants' motion to dismiss Plaintiff's section 1983 claims against the City of Corinth for a failure to properly train and discipline officers and for improper retention should be denied.

*Dwyer v. City of Corinth*, 2009 WL 3856989, at *9 (E.D.Tex. 2009).

As previously noted, Federal Rule of Civil Procedure 8 states that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a)(2). Clearly, Plaintiff's live complaint demonstrates that he has plead well beyond the standard required under the Federal Rules. Based on such, Defendant County's *Motion to Dismiss* should be denied.

Plaintiff's reasoning is further supported by Federal Rules of Procedure 11, wherein it is stated that the representations made to the Court require that "the factual contentions have evidentiary support <u>or</u>, if specifically so identified, <u>will likely have evidentiary support after a</u>

9

reasonable opportunity for further investigation or discovery." FED. R. CIV. PRO. 11(b)(3) (emphasis added). In this case, **no** discovery has been conducted. The United States Supreme Court has stated that "if there are conflicts in the allegations regarding the actions taken by the police officers, discovery may be necessary." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Purely based on the possible conflicts that seem to exist, Plaintiff should be allowed to conduct discovery to develop facts concerning an entity that possesses the knowledge concerning same. See *Id*.

Contrary to Defendant County's apparent belief that *Letherman* has been retired by *Iqbal/Twombly*, post *Iqbal/Twombly* cases seem to indicate otherwise. Just two weeks after the decision in *Twombly*, the United States Supreme Court in *Erikson v. Pardus* applied notice pleadings to a pro se prisoner's §1983 medical treatment complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007). The ruling in *Erikson* specifically held that the plaintiff prisoner's §1983 claim satisfied Federal Rule 8's notice pleading standard. See *Erikson* at 2200 (emphasis added). Even though, it was necessary in 2011 for the United States Supreme Court to issue *Skinner v. Switzer*, 562 U.S. 521, 530 (2011), wherein the Court, in reversing the Fifth Circuit's decision affirming the dismissal of a 1983 case involving DNA evidence in a criminal case, cited to *Swierkiewicz* (in lieu of *Iqbal* and *Twombly*) when describing the federal pleading standard. And, in 2014, the United States Supreme Court in *Johnson v. City of Shelby*, 574 U.S. 10 (2014), again in reversing the Fifth Circuit, reaffirmed *Leatherman* and *Swierkiewicz* and confirmed in no uncertain terms that there is "no heightened pleading" requirement for civil rights claims against municipalities. *Johnson* at 11-12.

This Court should also remember the fundamental tenet of Rule 12(b)(6) which the Supreme Court did not change in its rulings in *Twombly* and *Iqbal* – the rule that inferences are to

10

be drawn in favor of the nonmoving party. Moreover, the plausibility standard is less than the standard applicable in the summary judgment context. See *Al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009). Thus, even were this Court to determine that the facts alleged by Plaintiff in his live complaint would probably be insufficient to defeat a motion for summary judgment, those same facts can amply satisfy the *Iqbal* plausibility standard and should allow for discovery on *Monell* issues. See *Id*.

Accordingly, Defendant County's *Motion to Dismiss* should be denied.

In *Defendant's Motion to Dismiss*, Defendant County additionally asserts that this Court should dismiss Plaintiff's cause of action because they failed to plead a "policymaker" for purposes of §1983 liability. While Defendant County cites to various cases in support of such assertion, Defendant fails to actually state the holding of relevant cases, which – contrary to Defendant County's assertion – is that "the specific identity of the policymaker is a legal question that need not be pled." *Groden v. City of Dallas,* 826 F.3d 280, 284 (5th Cir. 2016); see also *Balle v. Nueces Cty*., 952 F.3d 552, 559 (5th Cir. 2017) (reaffirming *Groden* that "the specific identity of the policymaker is a legal question that need not be pled" in the complaint to survive a motion to dismiss); *Hughes v. City of Dallas*, No. 3:18-cv-1770-B, 2020 U.S. Dist. LEXIS 144460, *7-8 (N.D. Tex. Aug. 11, 2020) (following *Groden* that for purposes of a motion to dismiss, "the specific identity of the policymaker is a legal question that need not be pled"); *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist*., 942 F.3d 258, 271 (5th Cir. 2019) (citing and affirming *Groden*). As to Defendant's assertion that Plaintiff has not adequately plead a *Monell* "moving force" element, Plaintiff would assert that such argument is without merit and that if any of the multiple factual/legal circumstances plead by Plaintiff existed at the time of the beating at issue, such would certainly be "causally linked" – as opposed to "as a result of" – to such

deficiencies.

Accordingly, and as to both issues, Plaintiff requests that this Court deny *Defendant's Motion to Dismiss* on such basis and at this stage in the proceedings.

## III.
## **LEAVE TO CORRECT ANY DEFICIENCIES**

In the alternative and despite the fact that Plaintiff believes his claims to be well-plead, should this Court determine that Plaintiff has not met his pleading burden as to any claim addressed by Defendant County and/or plead in this case, Plaintiff hereby requests leave to amend Plaintiff's live complaint to correct such perceived deficiencies prior to dismissal by this Court. *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [internal citations omitted]"). In particular and *if* necessary, Plaintiff would proffer that he can (but would prefer not to) amend his complaint to include even more precise factual references and/or concerns with supervision, training (and/or lack thereof) and otherwise as it pertains to Defendant County.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court deny *Defendant's Motion to Dismiss*, and grant Plaintiff such other and further relief, either at law or equity (including an opportunity to address the Court in person concerning the issues at hand and/or respond should the Court convert *Defendant's Motion to Dismiss* to a Rule 56 summary judgment motion), to which he may be justly entitled. In the alternative, should this Court determine Plaintiff has failed to adequately plead any claim for relief under §1983, Plaintiff requests the Court to grant Plaintiff leave to amend same prior to dismissal.

Respectfully submitted,

GALE LAW GROUP, PLLC

711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361) 808-4444
Telecopier: (361) 232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
E-mail: Chris@GaleLawGroup.com
Southern District Bar No. 27257
Texas Bar No. 00793766
*Attorney-in-Charge for Plaintiff*

/s/ *Amie Augenstein*
Amie Augenstein
E-mail: Amie@GaleLawGroup.com
Southern District Bar No. 2236723
Texas Bar No: 24085184
*Attorney for Plaintiff*

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 29th day of October, 2021.

/s/ *Christopher J. Gale*
Christopher J. Gale

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 29th day of October, 2021, the above and foregoing was sent to the following counsel of record by the means indicated below:

| | |
|---|---|
| Melissa Vela<br>Matthew Dennis<br>Jenny Dorsey<br>Nueces County Attorney<br>901 Leopard Street, Room 207<br>Corpus Christi, Texas 78401 | *Via E-file Notification* |
| Bobby Joe Benavides<br>505 Marie St.<br>Robstown, Texas 78380 | *Via First Class Mail* |

                                                /s/ *Christopher J. Gale*
                                                Christopher J. Gale