United States District Court
Southern District of Texas
**ENTERED**
January 04, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAN DELEON, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:21-CV-00143 |
| | § | |
| NUECES COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST DEFENDANT BOBBY JOE BENAVIDES

On July 13, 2021, Plaintiff Adan DeLeon filed his original complaint asserting violations of 42 U.S.C. § 1983 for excessive force and violations of Texas law for assault and battery against Defendant Bobby Joe Benavides. *See* (D.E. 1, p. 3, 5). Plaintiff served Defendant Benavides on December 29, 2021, making his answer due January 19, 2022. *See* (D.E. 26). Defendant Benavides never answered or otherwise appeared in this case. Now pending before the Court is Plaintiff Adan DeLeon's amended motion seeking partial default judgment against Defendant Bobby Joe Benavides. (D.E. 62). Plaintiff's motion requests that the Court enter partial default judgment against Defendant Benavides as to liability only and requests a hearing on damages. *Id.* at 1–3. After reviewing Plaintiff's pleadings and the applicable law, the Court **GRANTS** Plaintiff's motion for partial default judgment. (D.E. 62).

### I. Legal Standard

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party and how a party may seek entry of default judgment. *See* FED. R. CIV. P. 55. There are three steps to obtaining entry of a default judgment. *See id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs "when a defendant has failed to

plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life*, 84 F.3d at 141; *see also* FED. R. CIV. P. 55(a). Second, the clerk may enter an entry of default "when the default is established by affidavit or otherwise." *New York Life*, 84 F.3d at 141 (citing FED. R. CIV. P. 55(a)). Third, after the clerk enters default, a plaintiff may apply to the clerk or the court for a default judgment. *Id.*

Default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

Courts have developed a three-part analysis to determine whether the entry of a default judgment is appropriate, *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016) (Boyle, J.): (1) whether a default judgment is procedurally warranted, *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); (2) whether a default judgment is substantively warranted, *see Nishimatsu Constr. Co.*, 515 F.2d at 1206; and (3) what form of relief the plaintiff should receive, if any, *see Ins. Co. of the W. v. H&R Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) (Jack, J.).

## II. Analysis

Here, Defendant Benavides is in default because he failed to timely answer or otherwise appear in this case after being served with Plaintiff's original complaint. *See* (D.E. 45, p. 1). The Clerk entered an entry of default against Defendant Benavides on April 25, 2022. (D.E. 46). As the first two steps of obtaining an entry of default judgment are satisfied, the Court now conducts the three-part analysis to determine whether entry of default judgment is appropriate. *See Ramsey*, 2016 WL 1701966, at *2.

### A. Whether Default Judgment is Procedurally Warranted

The following factors are relevant in determining whether default judgment is procedurally warranted: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Linsdey*, 161 F.3d at 893.

Applying these factors to this case, the Court finds that entry of default judgment is procedurally warranted. First, there are no material facts in dispute because Defendant Benavides has not filed an answer or other responsive pleading. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendant Benavides's failure to appear substantially prejudices Plaintiff because "the legal process is at a standstill." *See Garner v. Stageline Co.*, No. 4:21-cv-0385-P, 2022 WL 3928400 (N.D. Tex. Aug. 30, 2022) (Pittman, J.). Third, the grounds for default are clearly established because Defendant Benavides never filed an answer or other responsive pleading. *See* FED. R. CIV. P. 55. Fourth and fifth, there is no evidence in the record that default was caused by

a good faith mistake or excusable neglect, nor is there any indication that default judgment would be too harsh on Defendant Benavides. Sixth and lastly, the Court has no facts before it that would provide a basis for setting aside a default if challenged by Defendant Benavides. *See Garner*, 2022 WL 3928400, at *2. Accordingly, the Court finds that default judgment is procedurally warranted.

## B. Whether Default Judgment is Substantively Warranted

In determining whether default judgment is substantively warranted, courts analyze the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for default judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. A defendant in default admits all well-pleaded facts. *Id.*

### i. 42 U.S.C. § 1983 – Excessive Force

Plaintiff first alleges that Defendant Benavides violated the Fourteenth Amendment "by using excessive force upon Plaintiff" while Plaintiff was detained at the Nueces County Jail. (D.E. 1, p. 1, 3).[1] To establish excessive force, Plaintiff must show "an injury that resulted directly and only from a use of force that was clearly excessive and that the excessiveness of the force was clearly unreasonable." *Tiede v. Salazar*, 518 F. Supp. 3d 955, 968 (W.D. Tex. 2021) (Ezra, J.) (citing *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018)). A pretrial detainee "need

---

[1] Plaintiff's original complaint alleges violations of the Fourth and Fourteenth Amendments due to Defendant Benavides's alleged use of excessive force. *See* (D.E. 1, p. 3). "The Due Process Clause of the Fourteenth Amendment, rather than the Fourth and Eighth Amendments, applies to a legally seized pretrial detainee's allegation of excessive force." *Acosta v. Williamson Cnty.*, 2022 WL 757248, at *5 n.1 (W.D. Tex. Mar. 11, 2022) (Hightower, Mag. J.) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. After conviction, the Eighth Amendment serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.") (cleaned up)); *see also Brooks v. George Cnty.*, 84 F.3d 157, 167 (5th Cir. 1996) ("The Fourth Amendment is inapplicable to a pretrial detainee who was properly arrested and is awaiting trial. That detainee has recourse to due process protections, not protection against unreasonable seizures after a lawful seizure has occurred"); *Brothers v. Klevenhagen*, 28 F.3d 452, 457 (5th Cir. 1994) ("Once an individual has been arrested and is placed into police custody, and surely after the arresting officer has transferred the individual to a jail cell, the individual becomes a pretrial detainee, protected against excessive force by the Due Process Clause."). Accordingly, the Court construes Plaintiff's excessive force claim as brought under the Fourteenth Amendment.

only show the claimed use of force was 'objectively unreasonable.'" *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 391 (2015)). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham*, 490 U.S. at 396).

Here, Plaintiff alleges that on or about July 14, 2019, Plaintiff was removed from his cell at the Nueces County Jail by Defendant Benavides and beaten to the extent that he was hospitalized (for over three weeks) and treated for an eye socket fracture, a nose fracture, two fractured ribs, and several cracked disks on his neck. (D.E. 1, p. 2). Defendant Benavides inflicted these injuries "through the use of feet, fists and brute-force." *Id.* The incident was captured on video. *Id.* Based on these facts, Plaintiff demonstrated that he suffered injuries that was clearly excessive and unreasonable in light of the circumstances. As such, Plaintiff's complaint is well-pleaded for default judgment purposes. Additionally, Plaintiff's D.E. 62-1 affidavit, attached to his motion for partial default judgment, "fleshe[s] out his claim[.]" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (finding "ample grounds for the entry of default judgment" considering the plaintiff's well-pleaded complaint and testimony that "simply added factual details that fleshed out his claim" and "added specificity"). For example, Plaintiff elaborates that he was harmed by Defendant Benavides because Plaintiff asked to speak to Defendant Benavides's supervisors to find out why he was being moved from his cell. (D.E. 62-1, p. 1–2). Plaintiff was on his knees with his hands behind his back when Defendant Benavides began to beat him. *Id.* at 2. Based on Plaintiff's well-pleaded complaint and these additional facts adding specificity, the Court finds that default judgment is substantively warranted as to Plaintiff's 42 U.S.C. § 1983 claim for excessive force.

### ii. *Assault and Battery under Texas Law*

Plaintiff's original complaint also alleges violations of Texas law for assault and battery due to Defendant Benavides's excessive force. (D.E. 1, p. 5). Under Texas law, the elements of battery are: "(1) harmful or offensive conduct (2) with a plaintiff's person" and the elements of assault are: "(1) apprehension of (2) an immediate battery." *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 741 (S.D. Tex. 2016) (Harmon, J.). Here, like Plaintiff's excessive force claim, Plaintiff's assault and battery allegations are well-pleaded. In addition to the facts alleged regarding Plaintiff's excessive force claim (including Plaintiff's affidavit, which adds specificity), Plaintiff alleges that Defendant Benavides committed an assault upon Plaintiff by "intentionally, knowingly, and/or recklessly caus[ing] Plaintiff's injuries," and that such assault "was the proximate cause of physical and emotional injuries to Plaintiff." (D.E. 1, p. 5). Plaintiff further alleges that Defendant Benavides was "[a]t no time . . . privileged to take the action, as force was not necessary." *Id.* Moreover, this assault "was not objectively reasonable when balancing the amount of force used against the need for the force." *Id.* These facts are sufficient to show that default judgment is substantively warranted as to Plaintiff's assault and battery claims under Texas law.

### C. Whether Plaintiff is Entitled to Relief

At this juncture, Plaintiff requests a partial default judgment as to liability only, not damages. *See* (D.E. 62). This is because Plaintiff seeks damages related to "loss of a son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial," (D.E. 1, p. 5–6), and in the default judgment context, "unliquidated damages normally are not awarded without an evidentiary hearing[,]" *James v. Frame*, 6 F.3d 307,

310 (5th Cir. 1993); *see also Ins. Co. of the W.*, 2011 WL 4738197, at *4 ("A defendant's default concedes the truth of the allegations of the [c]omplaint concerning the defendant's liability, but not damages."). As such, the Court is not required to determine whether Plaintiff is entitled to relief in the form of damages at this time. Because Plaintiff has established that entry of default judgment is procedurally and substantively warranted, the Court will set a hearing to determine the proper amount of Plaintiff's damages, if any.

### III. Conclusion

For the reasons stated herein, the Court **GRANTS** Plaintiff's amended motion for partial default judgment as to Defendant Benavides's liability for Plaintiff's 42 U.S.C. § 1983 claim for excessive force and assault and battery claims under Texas law. (D.E. 62). An evidentiary hearing on the issue of damages resulting from said liability is set before the undersigned on **February 2, 2023, at 2:00 p.m.**

SO ORDERED.

                                                                  DAVID S. MORALES
                                                                   UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
          January 4th, 2023