United States District Court
Southern District of Texas
**ENTERED**
April 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAN DELEON, | § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 2:21-CV-00143 |
| NUECES COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

## DEFAULT JUDGMENT AGAINST BOBBY JOE BENAVIDES

Plaintiff Adan DeLeon moved for entry of default and a partial default judgment on liability after Defendant Bobby Joe Benavides failed to appear and answer in this case. (D.E. 45; D.E. 62). On April 25, 2022, the Clerk of Court entered default against Defendant. (D.E. 46). On January 4, 2023, this Court entered a partial default judgment against Defendant on liability, finding that entry of partial default judgment was procedurally and substantively warranted on Plaintiff's claims under 42 U.S.C. § 1983 for excessive force and under Texas state law for assault and battery. (D.E. 67). The Court then set an evidentiary hearing regarding Plaintiff's alleged damages. *Id.* at 7.

On February 2, 2023, the Court heard evidence of Plaintiff's damages. *See* February 2, 2023, Minute Entry. Plaintiff testified regarding his injuries, pain, suffering, and mental anguish, and Plaintiff's counsel testified as to attorney's fees. *See* (D.E. 71) (Plaintiff's hearing exhibits, which were admitted without objection); (D.E. 75-1, p. 2–3). After the hearing, Plaintiff moved for default judgment, *see* (D.E. 75), requesting a damages amount

totaling $602,425.33, *see* (D.E. 75-2, p. 2).[1] After considering the motion for default judgment and the evidence presented by Plaintiff at the damages hearing, the Court **GRANTS** Plaintiff's motion for default judgment. (D.E. 75). As such, the Court renders judgment for Plaintiff Adan DeLeon against Defendant Bobby Joe Benavides and **ORDERS** that Plaintiff recover from Defendant judgment as follows:

(1) Physical Pain and Suffering: $150,000.00

(2) Emotional Pain and Suffering: $100,000.00

(3) Lost Wages: $47,000.000

(4) Prejudgment Interest:[2] $36,575.75

(5) Punitive Damages: $100,000.00

(6) Attorney's Fees:[3] $20,250.00

---

[1] Plaintiff requests compensatory damages ($447,000.00), punitive damages ($100,000.00), prejudgment interest ($34,643.33), and attorney's fees ($20,782.00). (D.E. 75-2, p. 2). More specifically concerning compensatory damages, Plaintiff requests damages for physical pain and suffering ($250,000.00), emotional pain and suffering ($150,000.00), and lost wages ($47,000.00). (D.E. 75-1, p. 2–3).

[2] "In 42 U.S.C. § 1983 cases, . . . state law governs the calculation of prejudgment interest." *Hargiss v. Lasalle Corrections LLC*, 2022 WL 822207, at *2 (W.D. La. Feb. 28, 2022) (citing *Pressey v. Patterson*, 898 F.2d 1018, 1026 (5th Cir. 1990)). Under Texas law, "[t]he prejudgment interest rate is equal to the postjudgment interest rate applicable at the time of judgment." TEX. FIN. CODE § 304.103. Prejudgment interest is based on compensatory damages, *see Dunbar Medical Sys. Inc. v. Gammex, Inc.*, 216 F.3d 441, 455 (5th Cir. 2000) (citing TEX. CIV. PRAC. & REM. CODE § 41.007), and calculated from the date of filing to the date of judgment, *see Craig v. GACP II, L.P.*, No. 3:19-cv-0058, 2022 WL 1778392, at *7 (N.D. Tex. June 1, 2022). As such, the prejudgment interest here is based on compensatory damages and calculated at 7.75% (the Texas interest rate) from the date of filing, August 31, 2021, to the date of judgment, April 3, 2023.

[3] Based on 45 hours of work at a rate of $450 per hour. *See* (D.E. 75-1, p. 3).

Accordingly, the Court **ORDERS** that Plaintiff recover from Defendant the sum of **$453,825.75**. Plaintiff is also entitled to recover costs under Federal Rule of Civil Procedure 54(d)(1). *See* FED. R. CIV. P. 54(d)(1). Plaintiff may submit a bill of costs within 14 days after entry of this final judgment. *See* LOCAL RULE 54.2. Plaintiff is additionally entitled to post-judgment interest at a rate of 4.46%[4] per annum from the date of this judgment until paid. This is a final judgment. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 3, 2023

---

[4] Based on the federal interest rate. *See* 28 U.S.C. § 1961.